IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CIGNA CORP. | : | CIVIL ACTION |
| SECURITIES LITIGATION | : | NO. 02-8088 |
| | : | |

**MEMORANDUM AND ORDER CONCERNING THIRD-PARTY DISCOVERY**

**Baylson, J.**                                                                                                          **January 31, 2006**

The Court held a hearing on various discovery motions pending in this alleged class action securities fraud case on January 26, 2006. Two motions argued relate to the discovery proposed to be taken by Lead Plaintiff from customers and brokers of CIGNA: Defendant's Motion for Protective Order Regarding Plaintiff's Third Party Subpoenas (Doc. No. 131) and Lead Plaintiff's Motion for an Order with Respect to the Scope of Customer Discovery (Doc. No. 133). Both motions are substantially overlapping.

As expressed at the hearing, the Court finds that third-party discovery of CIGNA customers and brokers is appropriate and within the proper scope of discovery under Rule 26, F. R. Civ. P. Without going into a lengthy dissertation of the nature of this case (which has been described in prior Memoranda by both Judge Newcomer and the undersigned), Lead Plaintiff asserts that CIGNA made material misrepresentations about its "Transformation" project, which was a CIGNA healthcare project to integrate different computer systems, update business processes, offer new products, and bring better customer service with enhanced technology to CIGNA customers.

The Court has allowed Lead Plaintiff's Revised Amended Complaint (Doc. No. 138) to proceed, alleging a class damage period of November 2, 2001 through October 24, 2002.

The Court will allow the Plaintiff to proceed with its third-party CIGNA customer and broker discovery, generally as proposed, with the following qualifications:

1. The scope of discovery shall be limited to CIGNA's healthcare business.

2. The recipient of a subpoena need only provide the information requested which is reasonably within its knowledge. The recipient shall be under an obligation to make an appropriate investigation of those individual officers and employees, presently employed by the recipient, who were personally and substantially involved with CIGNA's healthcare insurance business, but the recipient need only investigate as to information (including "documents" as defined) that would normally and reasonably be within the knowledge or control of those individuals.

3. As to the relevant time period, the response should be made for the time period of September 1, 2001 through December 31, 2002 (including documents generated after this period which refer or relate to this period). However, if less burdensome for the recipient, and/or at the recipient's option, the recipient may produce documents for a longer time period.

4. This Order is subject to the provisions of Rule 45, F. R. Civ. P., and:

    a. A recipient which declines to produce documents on grounds of privilege shall provide a privilege log.

    b. The recipient may agree to a confidentiality order with counsel, but if submitted for this Court's approval, it shall specifically define categories of documents which are truly confidential and may not prohibit the use of any document in a Court proceeding.

    c. The recipient may object and/or move for a protective order, either in this Court or in another Court pursuant to Rule 45. If the recipient chooses to file in another Court,

the recipient and the parties shall make this Memorandum and Order known to that Court for its consideration.

   d. Any motion concerning the subpoena shall be preceded by a good faith discussion of the issues in the motion, among the recipient and counsel for Lead Plaintiff and CIGNA.

   e. Counsel for Lead Plaintiff and Defendant shall keep each other reasonably advised on negotiations concerning compliance with a subpoena.

It is therefore hereby ORDERED that the above-referenced Motions, (Doc. Nos. 131 and 133), are GRANTED in part and DENIED in part.

BY THE COURT:

/s/ MICHAEL M. BAYLSON
Michael M. Baylson, U.S.D.J.

O:\CIVIL\02-8088 Kaminski v CIGNA Corp\CIGNA Mem & Order re third party discovery 1-31-06.wpd