IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: CIGNA CORP | : | CIVIL ACTION |
| SECURITIES LITIGATION | : | NO. 02-8088 |
| | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                         **March 24, 2005**

Presently before the Court is Defendant CIGNA Company's ("CIGNA") Motion to Dismiss Certain Claims in the Revised Consolidated Amended Class Action Complaint (Doc. No. 166). For the following reasons, the Court will grant the Defendant's motion in part, but will treat the motion as a Motion to Strike pursuant to Fed. R. Civ. P. 12(f) that asserts Plaintiff is making claims not permitted under the prior rulings of Judge Newcomer and the undersigned.

**I.      Background**

This case has a long and complicated procedural history and factual background, which the Court has discussed in great detail in its prior memoranda and will not describe anew here. Relevant to this motion, on December 23, 2005, the Court issued a Memorandum and Order (the "Dec. 23 Memorandum") resolving (1) Plaintiff Pennsylvania Employee Retirement System's ("SERS") Motion to Amend the Complaint and (2) Defendant's Motion to Dismiss. For the reasons discussed at length in that opinion, the Court granted Plaintiff's motion in part and denied Defendant's motion without prejudice. The Court allowed the Plaintiff to make a series of amendments to add certain more detailed claims to its complaint.

Plaintiff filed the Revised Consolidated Amended Class Action Complaint ("the Revised

Complaint") on January 9, 2005 (Doc. No. 138). On February 7, 2006, CIGNA brought the instant motion seeking to dismiss four claims contained in the Revised Complaint pursuant to Federal Rules of Civil Procedure 12(b) and 15(a) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) ("PSLRA"). CIGNA contends that the claims to which it objects fail to satisfy the governing PSLRA and Third Circuit standards for pleading securities fraud and are beyond the scope allowed by the Dec. 23 Memorandum. SERS responds by asserting the Revised Complaint conforms with the Court's December 23, 2005 Order and should be sustained in its entirety.

**II.     Discussion**

The Court reviewed and discussed the PSLRA and Third Circuit standards for adequately pleading securities fraud in the Dec. 23 Memorandum (see Dec. 23 Mem. at 4-8). The Court will not restate those basic principles here. Rather, the Court incorporates the relevant discussion in the Dec. 23 Memorandum by reference and will proceed directly to an analysis, <u>seriatum</u>, of the claims Defendant seeks to dismiss.

    A.    <u>Claim that CIGNA's September 3, 2002 estimate of future earnings was fraudulent</u>

CIGNA contends that the claim that CIGNA's September 3, 2002 estimate of future earnings was fraudulent should be dismissed because (1) it was not authorized by the Court's December 23, 2005 Memorandum and (2) does not satisfy the governing pleading standards for the reasons stated by the Court in the Dec. 23 Memorandum when it rejected Plaintiff's proposed amended claim challenging the same estimate announced by CIGNA on August 2, 2002. Plaintiff responds that claims concerning the September 3, 2002 estimate of future earnings were "not specifically dismissed" in the Dec. 23 Memorandum.

In the Dec. 23 Memorandum, the Court twice specifically stated that it was rejecting Plaintiff's proposed claims challenging the estimates of future earnings. See Dec. 23 Mem. at 23 ("Finally, and repeating what the Court stated above concerning other allegations of improper estimates, the Court finds that allowing the Proposed Amended Complaint to move beyond misrepresentations about the status of Transformation and into CIGNA's estimates of earnings would, in essence, present a new case, require vast amounts of additional and different discovery from what has previously been contemplated, delay the trial and resolution of the case, and would be unduly prejudicial."); id. at 24 ("[A]s stated supra, the Court will not allow amendment of the Revised Complaint to allow Plaintiff to seek liability for incorrect estimates of earnings and/or costs, in that they are inherently forward-looking and the evidence of scienter is lacking."). These statements make it clear that the Court wished to exclude all proposed claims concerning estimates of future earnings and costs.

The Court recognizes that it allowed Plaintiff to assert a claim concerning misrepresentations in a press release issued on September 3, 2002, concerning an after-tax charge of $720 million to create reserves for reinsurance contracts" because it was under the impression that claim did not "propose a new theory of liability based on forward-looking statements." Dec. 23 Mem. at 24. Plaintiff does not appear to dispute, however, CIGNA's assertion that "reserves for reinsurance contracts" are in actuality the same as "guaranteed minimum death benefit" reserves. In a prior Order – which the Court did not intend to disturb on December 23 – Judge Newcomer had dismissed "all claims relating to . . . guaranteed minimum death benefit reserves."

Apparently understanding that the Court did not intend to modify Judge Newcomer's prior order, Plaintiff did not include a new claim challenging guaranteed minimum death benefit

3

reserve disclosures in the Revised Complaint. Instead, based on the Court's reference to the September 3, 2002 press release as described above, Plaintiff advanced a claim concerning guidance on future earnings contained in the September 3, 2002 press release which the Court finds to implicate a "new theory of liability based on forward-looking statements." The Court did not intend to authorize such a claim by its Dec. 23 Memorandum. To the contrary, Plaintiff's claim concerning the September 3, 2002 release is inconsistent with the Court's rejection, in the Dec. 23 Memorandum, of all of Plaintiff's then-proposed claims challenging the estimates of future earnings.[1]

Therefore, for the reasons stated by the Court in the Dec. 23 Memorandum when disallowing similar claims, the Court now finds that Plaintiff's claim in the Revised Complaint concerning the September 3, 2002 estimate of future earnings and costs does not satisfy the relevant pleading requirements, nor does it fit within the scope of the Court's Dec. 23 Memorandum. Accordingly, the following claims concerning the September 3, 2002 statements will be stricken: ¶ 3 (first bullet point), ¶ 20 (second and third sentences), ¶ 188, and ¶ 211. Furthermore, because the Court has now excluded all claims concerning estimates of future earnings, all remaining references to Defendant's earnings estimates being "false" or "fraudulent" – contained in Paragraphs 21, 23, 190, 192, and 197 – will be stricken from the Revised Complaint. Eliminating the words "false" and "fraudulent" from these paragraphs will result in this case proceeding with Plaintiff having ample pleadings describing CIGNA's publications, but

---

[1] Indeed, the earnings estimate provided by CIGNA on September 3, 2002 was merely a restatement of the predictions provided on August 2, 2002. However, the Court previously dismissed the allegations relating to the August 2, 2002 estimates because they concerned forward-looking statements. Dec. 23 Mem. at 24.

the question of liability will focus on the Transformation issues and not on whether CIGNA's estimates of future earnings were false.

  B.  <u>Claim challenging the May 2, 2002 membership projection</u>

CIGNA argues that Plaintiff's claim – contained in Revised Complaint ¶¶ 3(f), 178 (first sentence), and 179 (second sentence) – challenging CIGNA's May 2, 2002 membership growth projection for full-year 2002 should be dismissed because it (1) was not authorized by the Court's December 23, 2005 Memorandum and (2) does not satisfy the governing pleading standards. The Court does not agree.

In the Dec. 23 Memorandum, the Court sustained claims stemming from CIGNA's May 2, 2002 statements about membership growth, holding that "the Court will allow the amendments. . . because these claims primarily involve operational problems and membership growth." The Court noted that "these allegations are merely refinements of existing claims that add details to the case that is now pending," and concluded that "there is little extra burden placed on CIGNA for the extension of currently-existing claims." Dec. 23 Mem. at 23-24. Indeed, the 2003 Complaint and the Revised Complaint had already specifically alleged the falsity of Defendant Hanway's May 2, 2002 statements about membership growth, and, further, alleged that these statements were made with actual knowledge that they were false and misleading. <u>See</u> ¶¶ 174, 177, 177, 178-79, 183. The claims now challenged by CIGNA are therefore not inconsistent with the Dec. 23 Memorandum.[2]

---

[2] Nor were these claims previously dismissed by Judge Newcomer. The claims related to membership which Judge Newcomer dismissed concerned CIGNA's knowing use of inaccurate data to calculate estimates of CIGNA's reported membership numbers. <u>See</u> January 30, 2004 Order. The Court agrees with Plaintiff that Judge Newcomer did not address the membership projection claim (and it therefore remained in the complaint).

The Court once again agrees with Plaintiff that the membership growth claims are actionable because (1) they contain some statements that are not forward-looking (see § 177), and (2) as discussed in the Dec. 23 Memorandum, the safe harbor for forward-looking statements affords no protection to statements, even when accompanied by some cautionary language, made when the speaker knows that such statements are contradicted by then-existing facts, as Plaintiff so alleges (i.e., the Revised Complaint alleges that CIGNA had actual knowledge that the statements were false at the time they were made) (see §§ 178, 179). See also, e.g., In re Campbell Soup Co. Sec. Litig., 145 F. Supp. 2d 574, 589 (D.N.J. 2004) ("[A] Plaintiff can defeat the safe harbor by demonstrating that the statement was made with actual knowledge. . . that the statement was false or misleading); Milman v. Box Hill Sys. Corp., 72 F. Supp. 2d 220, 231 (S.D.N.Y. 1999) ("[N]o degree of cautionary language will protect material misrepresentations or omissions where defendants know their statements were false when made.").

In sum, the Court is satisfied that the Revised Complaint contains the necessary allegations of knowledge and falsity (i.e., that the decline in membership was ongoing and known to CIGNA prior to the statements at issue) required to sustain this claim.

C.   Claim concerning Hanway's November 2, 2001 statement

Although Judge Newcomer had previously dismissed this claim as non-actionable puffery, his dismissal was without prejudice and without a finding that the statement was immaterial. See January 30, 2001 Order. Plaintiff subsequently alleged newly discovered facts based on CIGNA's internal memoranda evidencing delays in developing new platforms. This Court then ruled the November 2, 2001 statement is material and actionable based on newly pled facts included in the proposed complaint. See Dec. 23 Mem. at 20 ("In contrast to [other] allegations . . . [t]he Court

finds that the allegations concerning the November 2001 representations are specific; made with abundant citations of knowledge by Hanway and/Stewart that they were making false statements to the public as compared to what they themselves . . . wrote or received; and material because they cast significant doubt on CIGNA's ability to meet the Transformation schedule benchmark of January 1, 2002, as had previously been represented to the public.").[3]

      The Court agrees with Plaintiff that Defendant's motion to dismiss this claim merely recycles old arguments and raises no new issue requiring reconsideration of the Dec. 23 Memorandum. The new context provided by the additional allegations in the proposed complaint adequately supports the conclusion that the statement is not puffery. See, e.g., In re Computer Assocs. Class Action Sec. Litig., 75 F. Supp. 2d 68, 73 (E.D.N.Y. 1999) (finding statements that the company was "solidly positioned for growth . . . as well as others concerning the supposed health of the company, are all actionable when considered as a whole and in light of alleged" improper practices); In re Viropharma, Inc. Sec. Litig., 2003 WL 1824914, *6 (E.D. Pa. 2003) ("To determine whether a statement is puffery, a court must examine the context in which the statement was made."). As detailed by Plaintiff, see Plaintiff's Mem. in Opposition to Motion to Dismiss at 8, the Revised Complaint cites multiple specific facts which the Court finds sufficient to allege scienter (i.e., to allege that CIGNA knew or recklessly disregarded the fact that Transformation was not on schedule). While Defendant once again takes issue with several individual sources of facts, the Court finds that there is a sufficient overall body of factual allegations to satisfactorily allege scienter here. Accordingly, the Court confirms its earlier ruling

---

    [3] A District Court may review a prior ruling affected by newly discovered evidence. See, e.g., Vosgerichian v. Commodore Int'l Ltd., 1998 WL 966026, *4 (E.D. Pa. 1998); In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998).

that Plaintiff's claim based on the November 2, 2001 statement meets the requirements of the PSLRA, and such claim will therefore be sustained.

        D.      <u>Claim concerning allegations of false financial statements</u>

In Paragraph 22 of the Revised Complaint, Plaintiff alleges that "CIGNA's financial statements issued during the Class Period were false and misleading." However, the Revised Complaint contains no particularized facts to support those claims; it cites no standards alleged to have been violated and does not even state which of CIGNA's financial statements Plaintiff alleges to be false. Plaintiff responds to Defendant's objections in one brief footnote, claiming that false and misleading financial statements is "not a claim in this case," and that the language at issue is merely a "statement" that is only made to provide a "background fact." Plaintiff asserts that because it "does not cross-reference Paragraph 22 to any false and misleading statement alleged" elsewhere in the Revised Complaint, the Court should allow the disputed paragraph.

The Court finds Plaintiff's explanation unconvincing. The claim contained in Paragraph 22 is, at best, a conclusory allegation that fails to meet the relevant pleading standards. Conclusory allegations of wrongdoing are not "statements" of "background fact." Furthermore, the claims in Paragraph 22 implicate a new theory of liability, and the Court has previously stated its disinclination to allow Plaintiff to inject a new theory of liability into the case, now in its fourth year. <u>See</u> Dec. 23 Mem. Finally, the Court finds that the claims contained in Paragraph 22 are likely inconsistent with Plaintiff's prior representation to the Court that the Revised Complaint "does not assert claims for accounting violations." <u>See</u> Lead Plaintiff's Mem. in Support of its Motion for Leave to File a Revised Amended Class Action Complaint, dated August 26, 2005, at 3. The Court will therefore strike Paragraph 22. Plaintiff will not be prejudiced , because the

substantive allegations in the overall 236-paragraph complaint detail many allegedly false statements which adversely impacted investors.

\* \* \*

In a footnote, Plaintiff states that "[t]o the extent that the Court dismisses any of the claims which are the subject of Defendant's motion to dismiss, Plaintiff seeks leave to amend pursuant to Fed. R. Civ. P. 15 to allege additional facts based on internal CIGNA documents provided in discovery." Plaintiff's Mem. in Opposition to Motion to Dismiss at 16 n.17. However, Plaintiff cites no grounds for the desired amendments and suggests no proposed new claims. Unfortunately, "[a] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)." In re NAHC Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting Confederate Mem'l Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)). Furthermore, as the parties are well aware, there have been numerous delays in the case, and Plaintiff has already had several opportunities to amend the complaint. The Court finds that CIGNA would be prejudiced at this stage of the case by having to respond to new claims in another amended complaint and that further amendment would cause undue delay. CALPERS v. Chubb Corp., 394 F.3d 126, 165 (3d Cir. 2004) ("Leave to replead . . . is often properly denied on . . . grounds, such as undue delay . . . prejudice and futility.").

Accordingly, because of the lack of any grounds for amendment and of any proposed amended claims, and the progress of the case to date, the Court will deny Plaintiff's latest request for leave to amend.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| IN RE: CIGNA CORP | : | CIVIL ACTION |
| SECURITIES LITIGATION | : | NO. 02-8088 |
| | : | |

**ORDER**

AND NOW, this 24th day of March, 2006, after careful review of arguments presented to the Court by both parties, it is hereby ORDERED as follows:

1. Defendant's Motion to Dismiss Certain Claims (Docket No. 166) is considered as a Motion to Strike pursuant to Fed. R. Civ. P. 12(f), and is GRANTED in part and DENIED in part, in accordance with the accompanying Memorandum.

2. Plaintiff shall file a new Revised Consolidated Amended Class Action Complaint, making the deletions specified in the accompanying Memorandum and not making any additions, by April 7, 2006.

3. Defendant shall file its Answer within twenty (20) days of service of the new Revised Consolidated Amended Class Action Complaint.

4. The current Scheduling Order shall remain in effect.

BY THE COURT:

S/Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\kaminski.wpd