IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: CIGNA CORP           :        CIVIL ACTION
SECURITIES LITIGATION       :        NO. 02-8088
                            :

**MEMORANDUM AND ORDER**

Baylson, J.                                                          March 23, 2005

Presently before the Court is Lead Plaintiff Pennsylvania State Employees' Retirement System's ("SERS") Motion, pursuant to Federal Rule of Civil Procedure 24, to allow two other putative class members – the Miami General Employees' Sanitation Employees Retirement Trust ("Miami Employees") and the Public Employees' Retirement System in Mississippi ("MPERS") – to intervene as additional proposed class representatives (Doc. No. 168). Miami Employees and MPERS also join in the motion to intervene based upon their status as class members.[1]

The Court will grant the motion for the following reasons:

1. Lead Plaintiff and Intervenors meet the requirements of Fed. R. Civ. P. 24(a) and (b). See In re Community Bank of Northern Va., 418 F.3d 277, 314-15 (3d Cir. 2005) (discussing at length and applying the requirements for intervention as of right or permissively); Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-71 (3d Cir. 1995) (same); AMS Construction Co., Inc. v. Reliance Insurance Co., 2004 U.S. Dist. LEXIS 23078, *5-*16 (E.D. Pa. 2004) (same).

---

[1] This is not a motion to intervene as Lead Plaintiffs, nor is an additional law firm seeking to become lead counsel.

2. Miami Employees and MPERS appear to be legitimate class members whose interest in the case is significant. Indeed, Miami Employees had originally attempted to become Lead Plaintiff but had withdrawn because SERS' claims were substantially larger. Nonetheless, the Miami Employees claim is still substantial. Both Miami Employees and MPERS have filed certifications with the intervention papers that warrant the Court finding that they meet the standards of a Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

3. This case has been proceeding for over three years. However, for the reasons set forth in the Court's prior Memoranda and Orders, the delays in this case have not been the fault of any of the parties. Indeed, the pleadings are not yet completed in that Defendant CIGNA Corporation ("CIGNA") has a pending Motion to Dismiss Certain Claims directed at the most recent version of the complaint. Furthermore, discovery is still proceeding. Therefore, the Court finds that there has not been any undue delay in the motion to intervene.

4. The motion to intervene is undoubtedly motivated by Defendant's contention that SERS has not suffered "loss causation" and/or "economic loss." Pursuant to this Court's prior Order, CIGNA is planning to file a summary judgment motion on these grounds within the next week. Apparently fearful of this motion, SERS has secured the agreement of Miami Employees and MPERS to become additional proposed class representatives. SERS quite properly indicates that its motive in doing this is to protect the interests of the putative class. The Court finds this to be a legitimate substantive reason to allow the intervention. If, due to a failure to prove loss causation and/or economic loss, SERS is dismissed as a party or is deemed to be an unworthy class representative notwithstanding its Lead Plaintiff status, the interests of the putative class will clearly be at risk. Given the significance that the PSLRA has placed on the status and

responsibility of the Lead Plaintiff in this type of case, see, e.g., Marsden v. Select Med. Corp., 2005 U.S. Dist. LEXIS 714, (E.D. Pa. 2005) (discussing the desire of Congress to empower the Lead Plaintiff because "its interests are likely to be most strongly aligned with the interests of the shareholder class"), and the fact that many putative class members have appropriately assumed that SERS will adequately represent the class, see, e.g., In re Vicuron Pharms., Inc. Sec. Litig., 225 F.R.D. 508, 511 (E.D. Pa. 2004) (discussing how the PSLRA provides that any person or group seeking to be the Lead Plaintiff must satisfy the requirements for class representative as set forth in Fed. R. Civ. P. 23), the Court finds that any present or potential doubts about SERS being able to fulfill its role should be alleviated by allowing Miami Employees and MPERS to join SERS as proposed class representatives.  See CSX Transp., Inc. v. City of Philadelphia, 2005 WL 1677975 (E.D. Pa. 2005) (finding that "risk of impairment of interest" was sufficient to support intervention).

     5.  The Court finds that Defendant will not be prejudiced by this motion.  Indeed, this motion will not change the merits of the case at all.  There do not appear to be any cases dismissing a Lead Plaintiff because it cannot prove loss causation or economic loss.  However, if defendants are successful in their summary judgment motion against SERS, such a result should not cause termination of the entire case if other putative class members are willing, able and ready to step forward as class representatives and also as Lead Plaintiffs and can prove loss causation and/or economic loss.  Indeed, as mentioned above, one consequence of the Lead Plaintiff concept under the PSLRA is that lead plaintiffs are virtually always certified as appropriate representatives of the class.  See In re Vicuron, supra.  Furthermore, the merits discovery in this case is still ongoing; the discovery deadline is not until August 18, 2006, allowing Defendant sufficient time to complete discovery as to Miami Employees and MPERS.

Defendant has not offered any substantive reason, other than the fact that they do not want the burden of dealing with the claims of new parties to delay what they hope will be a successful termination of SERS as Lead Plaintiff.  However, Defendant has no right to expect that any ruling against SERS on loss causation and/or economic loss grounds will necessarily terminate Defendant's liability to the other members of the putative class.  To do so would eviscerate the whole concept that Congress had in mind in establishing the Lead Plaintiff concept in the PSLRA. See, e.g., Marsden, supra; In re Nice Sys., Ltd. Secs. Litig., 188 F.R.D. 206, 214-15 (D.N.J. 1999) (describing the PSLRA principles and process for selecting Lead Plaintiffs and insuring the adequacy of class representatives).

6. In allowing the intervention of Miami Employees and MPERS as additional proposed class representatives, the Court will take Lead Plaintiff's counsel at their word as to the representation that this intervention will not in any way delay the pre-trial schedule, the completion of discovery, or the filing of expert reports, and will not necessitate a change to the dates set by this Court for the filing of dispositive motions.  Therefore, the Court expects Miami Employees and MPERS, represented by current Lead Plaintiffs' counsel, to promptly make their mandatory disclosures, to produce all relevant documents without delay or unnecessary objections,  and to designate their appropriate representatives for depositions (which should take place in Philadelphia as promptly as possible), so that merits discovery can proceed on the current schedule.

It is therefore hereby ORDERED that Lead Plaintiff SERS' Motion to allow Miami Employees and MPERS to intervene as additional proposed class representatives (Doc. No. 168) is GRANTED.

                                            BY THE COURT:

                                        /s/ JUDGE LEGROME D. DAVIS FOR

                                        JUDGE MICHAEL M. BAYLSON

                                        Michael M. Baylson, U.S.D.J.

A:\Mem & Order Adding New Plaintiffs 3-23-06.wpd