IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: CIGNA CORP SECURITIES        :        CIVIL ACTION
LITIGATION                          :        NO. 02-8088

## ORDER RE: DISCOVERY DISPUTES

Following briefing and a recorded telephone conference on June 14, 2006, this Order disposes of Lead Plaintiff's Motion to Compel Supplementation of Responses and Production of Anania E-Mails (Doc. No. 204), Lead Plaintiff's Second Motion to Compel Discovery (Doc. No. 206), and Defendants' Motion to Compel Discovery and for a Protective Order (Doc. No. 205). These motions are all GRANTED in part and DENIED in part, with the following specific rulings:

   1.   Defendants shall amend certain specified responses to Plaintiffs' contention statements. The Court finds that, in the paragraphs listed below, Plaintiff made specific factual contentions based on specific documents and/or deposition testimony secured during discovery, but Defendants' responses were conclusory and largely repetitive in nature. The Court expects Defendants to make amended factual responses based on the documents, etc., cited by Plaintiffs in their contention statement, and/or to cite other documents, deposition testimony and/or anticipated testimony by witnesses to specifically address the factual contentions made by Plaintiffs. The specific paragraphs to be supplemented by Defendants:

   1-7
   9
   14-22
   25-26
   29-30
   34-54

      57-60
      64-84
      89
      97-109
      112-157
      159

Defendants shall serve the first half of the supplemental responses by June 30, 2006 and the balance by July 10, 2006.

The Court will not require Defendants to supplement their responses to allegations concerning loss causation or damages because, in those paragraphs, Plaintiffs have largely repeated contentions made in the Complaint or in legal briefs previously filed in this case. The Court envisions further contention statements on the issue of damages at a later pre-trial stage, most likely once the class action issue has been resolved.

     2.    As to the request for e-mails, from the back-up tapes of Andrea Anania, from October 2001 through December 2001, the motion is DENIED without prejudice based on the briefs, because (i) the Plaintiffs have failed to specify why Ms. Anania's remaining e-mails are so crucial and (ii) the Defendants' briefing has indicated that they have already produced 8,000 pages of e-mails which cover the relevant time period. The Court will give Plaintiffs the opportunity to pursue this, subject to the procedures set forth below.

     3.    As to Plaintiffs' Second Motion to Compel, the Court cannot discern, exclusively from the parties' memoranda, whether the additional information sought is appropriate discovery, and the Court will hold a hearing on June 28, 2006 at 9:00 a.m. in Courtroom 3A to consider specific offers of proof, exhibits, such as organizational charts, or other material. At this hearing, Plaintiffs will bear the burden of showing that the information they seek is relevant for

the trial of this case or is likely to lead to the discovery of relevant evidence.

The Court notes that this case is not about whether CIGNA made management mistakes or pursued inadvisable business opportunities. The major liability issue is whether CIGNA's public statements were materially and knowingly false or misleading. In order for the Court to require Defendants to provide the information that Plaintiffs are seeking, Plaintiffs must demonstrate a likelihood that CIGNA's mid or high-level managers were in possession of information about the subject matter of the allegedly false statements, and that documents they prepared based on that information or the facts contained in those documents became known to CIGNA upper- level management who made public statements.

With this case now in its fourth year (although discovery was slow in getting started), the Court believes that additional discovery should be confined to short strokes, where Plaintiffs can show that specific items of relevant information and/or documents are likely to be in the possession, custody or control of Defendants but have not been produced. Memoranda and analysis by low-level employees, where there is no showing that their information likely became known to the upper-level management who made public statements, are not appropriate for discovery at this stage. On the other hand, documents such as summaries, reports and compilations, prepared by or received by mid- or upper-level managers and containing information that Plaintiffs have a reasonable chance of showing became known to upper management, should be discoverable. The Plaintiffs' second Motion to Compel seeks a number of these items, but the Court cannot discern whether the documents and/or information were generated in such a manner that the allegedly adverse information became known to CIGNA upper-level managers.

4. Plaintiffs contend that a different standard should be used for discovering information relevant on damages, and Plaintiffs may pursue this argument at the June 28, 2006, hearing with the requisite showing of relevance as to documents Plaintiffs contend CIGNA has not yet produced.

5. The Court requests counsel, now that the Court has set forth a more specific test for discovery of additional materials, to consider whether the disputes among them can be narrowed before the hearing. No later than June 23, 2006, Plaintiffs' counsel shall supply to Defendants a list of most of the documents or other exhibits which Plaintiffs intend to introduce at the hearing in support of their motion, with supplementation allowed on June 26, 2006.

6. As to interrogatories, Plaintiffs' counsel will be required to support the need for the requested information at the hearing. At this stage of the litigation, the Court is unwilling to order CIGNA to answer interrogatories or produce documents in response to requests using the word "all." Given the large volume of documents produced to date and the number of depositions that have been taken, Plaintiffs should be able to further set forth specific matters in accord with the formulation described above.

7. As to Defendants' Motion to Compel Discovery and for a Protective Order, the Motion for a Protective Order is DENIED. The Court is unwilling to preclude any further discovery on any specific category of documents, as requested by Defendants. However, this Order is without prejudice to Defendants resisting discovery from Plaintiffs at the hearing.

8. As to Defendants' request for supplemental responses to its interrogatories, the Court reiterates its ruling that Plaintiffs will not be required to disclose confidential sources. However, as to those answers to interrogatories in which Plaintiffs have listed individuals with

knowledge (varying between twenty and almost sixty per subject matter), Plaintiffs will be required, as to each individual listed, to indicate whether or not Plaintiffs have a present intention of calling such individuals as witnesses at trial, or of using the witness' testimony or documents (whether by deposition or affidavit) in any pretrial motions (such as motions for summary judgment or motions in limine). Except as to those individuals whom Plaintiffs represent they will not use, Plaintiffs shall give a short summary of the anticipated testimony or facts to be elicited from the witness. If Plaintiffs do not comply as to a certain individual, the Court will only permit Plaintiffs to use testimony or facts from that individual on a showing that Plaintiffs were, as of this date, not in possession of information from or about that individual that gave them reason to believe the witness' testimony would be used. The Court has developed this procedure so that Plaintiffs will focus on what proof they intend to rely on and so Defendants will have a better idea of what witnesses they may want to depose or otherwise investigate. Plaintiffs shall serve the information for one-half of the names by June 30, 2006 and the balance by July 10, 2006.

9. As to Defendants' request for discovery from the recently-added proposed class representatives and from third parties, the Court notes that the parties are in discussion as to the status of this discovery.

10. Magistrate Judge Strawbridge will contact counsel to determine the appropriate time and procedures for a settlement conference in this case. In this regard, the Court advises counsel that the Motion for Class Certification, as to which the briefing will be completed in early August, should be decided by the end of August 2006.

11. In an effort to further focus on the claims and defenses for trial, the Court will

allow an additional 25 contention interrogatories per side, to be filed by July 14, 2006. Objections must be served within seven (7) days. Any disputes concerning the validity of the interrogatories shall be promptly discussed between counsel and brought to the attention of the Court no later than July 26, 2006. A telephone conference is tentatively scheduled for July 27, 2006 at 10:00 a.m. to discuss these issues. Answers to the contention interrogatories shall be provided by August 11, 2006. If either party believes the answers require additional depositions, counsel shall discuss a prompt schedule and convene a conference call with the Court to determine the schedule, which may require a slight extension of the August 18, 2006 discovery deadline. The Court would most likely hold this conference call during the week of August 14, 2006.

BY THE COURT:

Date:  6/15/06                                              s/Michael M. Baylson
                                                                       Michael M. Baylson, U.S.D.J.

O:\CIVIL\02-8088 Kaminski v CIGNA Corp\Kaminski v. Cigna Order P's - discovery motions.wpd