IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------- x
                                                               :
IN RE CIGNA CORPORATION                                        :
SECURITIES LITIGATION                                          :     Master File No. 2:02CV8088
                                                               :
-------------------------------------------------------------- x
-------------------------------------------------------------- x
                                                               :
EVELYN HOBBS, derivatively on behalf                           :
of CIGNA CORPORATION,                                          :
                                                               :     CIVIL ACTION
        Plaintiff,                                             :
                                                               :     NO. 02-8371
                v.                                             :
                                                               :
H. EDWARD HANWAY, et al.,                                      :
                                                               :
        Defendants.                                           :
-------------------------------------------------------------- x
-------------------------------------------------------------- x
                                                               :
JACK SCOTT, derivatively on behalf                             :
of CIGNA CORPORATION                                           :
                                                               :     CIVIL ACTION
        Plaintiff,                                             :
                                                               :     NO. 02-9135
                v.                                             :
                                                               :
H. EDWARD HANWAY, et al.,                                      :
                                                               :
        Defendants.                                           :
-------------------------------------------------------------- x

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of January 23,

2007, is made and entered into among Evelyn Hobbs and Jack Scott ("Plaintiffs"), on the one hand,

and defendants H. Edward Hanway, Robert H. Campbell, Fred Hassan, Peter N. Larson, Joseph M.

Magliochetti, Joseph Newbauer, Charles R. Shoemate, Louis W. Sullivan, Harold A. Wagner,

Carol Cox Wait, and Marilyn Ware (together, the "Individual Defendants") and nominal defendant

CIGNA Corporation, a Delaware Corporation ("CIGNA" or the "Company"), on the other hand, by

and through their respective attorneys.  Plaintiffs, the Individual Defendants and CIGNA are referred to collectively as the "Parties."  This Stipulation provides for a proposed settlement (the "Derivative Settlement") that is intended fully, finally, and forever to resolve, discharge, and settle, with respect to Plaintiffs, the Settled Derivative Claims (as defined below) with prejudice and without costs against the Individual Defendants and CIGNA, except as provided herein, upon and subject to the terms and conditions hereof, and subject to the approval of the United States District Court for the Eastern District of Pennsylvania (the "Court").

WHEREAS, the Parties state the following:

A.      Evelyn Hobbs and Jack Scott, owners of common stock of CIGNA, filed derivative complaints (the "Complaints") in this Court on behalf of CIGNA in *Hobbs v. Hanway, et al.*, Civil Action No. 02-8371 and *Scott v. Hanway, et al.*, Civil Action No. 02-9135, on November 7, 2002 and December 19, 2002, respectively (the "Actions").  By order dated May 28, 2003, the Actions were consolidated and Wechsler Harwood LLP, now known as Harwood Feffer LLP, and Faruqi and Faruqi, LLP were appointed co-lead counsel.  The Actions, which were filed as related actions to securities class actions in this court that were brought against CIGNA, H. Edward Hanway, James G. Stewart and certain former CIGNA executives and later consolidated as *In re CIGNA Corp. Securities Litigation*, Master File No. 2:02CV8088 (the "Class Action"), were consolidated with the Class Action by Order dated December 13, 2005.

B.      The Complaints allege, among other things, that the Individual Defendants intentionally or recklessly breached their fiduciary duties to CIGNA, grossly mismanaged the company, and wasted valuable assets by *inter alia*:

1.      failing adequately to supervise the implementation of an updated computer operations system;

2.      failing to insure that CIGNA health insurance policies were adequately priced;

3.     subjecting the Company to expensive and damaging litigation and investigations as a result;

4.     allowing the Company to engage in improper billing practices; and

5.     tarnishing the image and reputation of the Company and jeopardizing customer and physician relationships.

The Complaints demand judgment as follows:

(A)     for compensatory damages in favor of CIGNA in an amount to be proved at trial;

(B)     for punitive damages where any defendant has been guilty of fraud or malice;

(C)     awarding to Plaintiffs the costs and disbursements of these actions, including reasonable attorneys' fees and experts' fees, costs and expenses; and

(D)     granting such other and further relief as the Court may deem just and proper.

C.     Before the Actions were consolidated with the Class Action, the Court entered a Stipulation and Order coordinating the Actions with the Class Action for purposes of discovery and pretrial proceedings and providing that the Individual Defendants and CIGNA would make available to Plaintiffs all discovery produced in the Class Action. As a result, Plaintiffs' counsel participated in the extensive discovery that was conducted in the Class Action including, among other things, inspection, review and analysis of thousands of documents and participation in depositions taken of current and former executives and directors of CIGNA and non-parties to the Actions, and were able to conduct an intensive investigation of Plaintiffs' derivative claims summarized above, which in Plaintiffs' judgment has provided an adequate and satisfactory basis for the evaluation of and agreement to the Derivative Settlement described herein.

D.     The Individual Defendants deny that they breached any duty to CIGNA and assert that they acted in good faith and with reasonable business judgment.  They also assert that Plaintiffs' claims are subject to dismissal because Plaintiffs failed to make a demand on CIGNA's Board of Directors.

E.     Plaintiffs and CIGNA and their respective counsel, having considered the facts and circumstances underlying the claims asserted, the complexity of the issues, the discovery conducted to date, the risks and costs of further litigation and the relative strengths and weaknesses of the claims asserted have concluded that settlement is in the best interests of CIGNA and its shareholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** among Plaintiffs, the Individual Defendants, and CIGNA by and through their respective attorneys or counsel of record, that these Actions shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth:

1.     <u>DEFINITIONS</u>

In addition to other definitions of terms provided herein, the following terms shall have the following meanings:

(a)     "Settled Derivative Claims" means all derivative claims that have been or could have been asserted in the Complaints by Plaintiffs in the Actions or by any other holder of CIGNA stock against any of the Individual Defendants, and each and every former and present employee, director, officer, agent, insurer, accountant and counsel of CIGNA or the Individual Defendants, and their heirs, representatives, executors, administrators, subsidiaries, insurers, successors and assigns, in connection with, or in any way respecting any act, failure to act, omission, representation, fact, event, course of conduct, transaction, occurrence, claim, or other matter alleged or which could have been alleged in the Complaints, including, but not limited to, claims for breach of fiduciary duty, breach of CIGNA's policies or procedures, waste,

mismanagement, violations of law, money damages or other relief, but excluding the claims arising out of the purchase of CIGNA common stock which are the subject of the Class Action.

(b)     "Effective Date" means the first date after (i) entry by the Court of the Order and Final Judgment in all material respects in the form of Exhibit C hereto following notice to CIGNA's shareholders and a hearing, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, and expiration of the time for appeal or review of such Order and Final Judgment or, if any appeal is filed and not dismissed, affirmance of such Order and Final Judgment in all material respects and expiration of the time for further appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate the Derivative Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review; and (ii) all other conditions set forth in paragraph 6 have been met.

(c)     "Final Judgment" means the Order and Final Judgment substantially similar to that set forth in Exhibit C hereto or any comparable order entered by the Court.

(d)     All references to the "Individual Defendants" includes their respective heirs, executors, administrators, representatives, and assigns.

(e)     "CIGNA" means CIGNA Corporation and all its present and former subsidiaries, affiliates and divisions, and all its and their respective predecessors and successors in interest.

(f)     "Shareholder(s)" means any current registered or beneficial holder(s) of CIGNA common stock.

2.      <u>FULL AND FINAL SETTLEMENT AND PAYMENT AND RES JUDICATA</u>

(a)     The Actions are being settled in conjunction with the Stipulation and Agreement of Settlement in the Class Action.  In full and final settlement of the Actions, CIGNA's insurer(s) shall deposit, on behalf of the Individual Defendants, the sum of Six Million Dollars ($6,000,000.00) (the "Derivative Settlement Amount") into the settlement fund account

established for the Class Action (the "Class Action Settlement Fund") thereby facilitating CIGNA's settlement of the Class Action claims against it.  Such deposit shall be made in accordance with the schedule set in the Class Action.  The Derivative Settlement Amount will be included in the $93 million settlement with the defendants in the Class Action, is not in addition to the Class Action Settlement Fund, and is without prejudice to any other or further allocation of the settlement proceeds through the Class Action.

(b)     Upon the Final Judgment becoming effective, Plaintiffs and CIGNA, all Shareholders, and all past and present officers and directors of CIGNA shall be barred and permanently enjoined from instituting or prosecuting in this Court or any other court or tribunal any Settled Derivative Claims.

(c)     The obligations incurred and benefits and rights conferred pursuant to this Stipulation shall be in full and final disposition and settlement of the Settled Derivative Claims.

3.     DISMISSAL

Upon entry of the Final Judgment, all Settled Derivative Claims shall be compromised, settled, released, discharged and dismissed with prejudice and without cost (except for claims arising from breach of this Stipulation).

4.     DERIVATIVE STATUS OF THE ACTIONS
        AND APPROVAL OF SETTLEMENT

(a)     For purposes of settlement and this Stipulation only, (i) the Actions shall be considered properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure by Plaintiffs on behalf of CIGNA; and (ii) the Individual Defendants and CIGNA agree that Plaintiffs are appropriate derivative plaintiffs.

(b)     Promptly upon the execution of this Stipulation, application shall be made jointly by the Parties to the United States District Court for the Eastern District of Pennsylvania (hereinafter the "District Court") for entry of the Order Preliminarily Approving Derivative Action Settlement (substantially in the form attached hereto as Exhibit A) ("Preliminary Order").

(c)     On or before the dates set forth in the Preliminary Order, a notice substantially in the form annexed hereto as Exhibit B (the "Notice"), describing this Stipulation and advising of the scheduling of a hearing to consider the Derivative Settlement, shall be mailed or delivered electronically to CIGNA Shareholders pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

(d)     The cost of the Notice of the Derivative Settlement and related expenses shall be paid by CIGNA.

(e)     The Parties shall move the Court to enter a Final Judgment, substantially in the form annexed hereto as Exhibit C, if the Court finds the Derivative Settlement described in this Stipulation to be fair, reasonable, adequate, and in the best interests of CIGNA and its Shareholders.

5.     <u>PLAINTIFFS' ATTORNEYS' FEES, COSTS AND EXPENSES</u>

(a)     At any time following the date of the execution of this Stipulation, Plaintiffs' counsel may make an application to the Court for attorneys' fees and expenses relating to the Actions in the total amount of $720,000 ("Derivative Action Fees and Expenses"), which amount has been agreed upon as reasonable by CIGNA and its insurer(s), and is to be paid by CIGNA's insurer(s) on behalf of the Individual Defendants.

(b)     The Derivative Action Fees and Expenses awarded by the Court shall be paid to Plaintiffs' counsel on the sixth business day after entry by the Court of the Final Judgment, subject to Plaintiffs' counsels' obligation to pay back any amount (including interest on that amount) that is subject to a successful appeal with respect to any order of the Court approving the Derivative Settlement or awarding attorneys' fees and expenses.

6.     CONDITIONS FOR EFFECTIVENESS OF THE SETTLEMENT

The effectiveness of the Derivative Settlement shall be expressly conditioned upon the following:

(a)     Entry of Final Judgment substantially in the form set forth in Exhibit C, which has become final and non-appealable; and

(b)     Final approval and the occurrence of the Effective Date of the Settlement of the Class Action, pursuant to the Stipulation and Agreement of Settlement of the Class Action, which is intended to be submitted simultaneously herewith.

7.     SETTLEMENT NOT ADMISSION

It is expressly understood, whether or not this Stipulation is finally approved, that acceptance and execution of this Stipulation by the Parties and all negotiations, documents, statements and proceedings in connection herewith, (a) shall not be construed as, or deemed to be, an admission or concession on the part of any of the Parties; (b) except as described in this paragraph, shall not be offered or received in evidence in any action or proceeding in any court or other tribunal or offered, used or deemed in any way as an admission, concession or evidence of any liability, fault, wrongdoing or misconduct of any nature, or weakness or lack of merit of any claim or defense, by any of the Parties; *provided,* however, that nothing herein shall prevent any of the Parties from using this Stipulation, or any document or instrument delivered hereunder, or any negotiations, documents, statements, transactions or proceedings related thereto:

(a)     as necessary to effectuate the Derivative Settlement contemplated herein;

(b)     to effect or obtain Court approval of the Derivative Settlement contemplated herein;

(c)     to enforce the terms of this Stipulation;

(d)     for purposes of defending, on the grounds of res judicata, collateral estoppel, release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, any Settled Derivative Claim asserted against any of the Parties or any party released pursuant to this Derivative Settlement; or

(e)     as otherwise required by law.

8.      EFFECT OF DISAPPROVAL OF SETTLEMENT

In the event this Stipulation is not approved by the Court, or the Final Judgment is not entered, or the Court approves this Stipulation but such approval is reversed, modified, or vacated in whole or in part on appeal, then the Derivative Settlement proposed herein shall be of no further force or effect, and this Stipulation and any amendment thereto excepting paragraphs 5(b) and 7 and this paragraph 8, and any document executed or entered into pursuant hereto (except as may be otherwise expressly provided for in this Stipulation) shall be null and void and without prejudice to any party hereto, and the Derivative Action Fees and Expenses shall be returned. Notwithstanding any other provision of this Stipulation, upon disapproval or reversal of approval of this Stipulation, in whole or in part, each Party shall be restored to his, her or its respective position as it existed before the execution of this Stipulation, *nunc pro tunc*, and without prejudice to any position he, she or it may take as to any substantive, procedural or other matter or issue.

9.      MISCELLANEOUS PROVISIONS

(a)     This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which shall constitute one and the same document.

(b)     All persons executing this Stipulation thereby represent that they have been authorized and empowered to do so.

(c)     The Parties to this Stipulation and their attorneys agree to cooperate fully with one another in seeking Court approval of this Stipulation, including in connection with any appeals, and to use their reasonable best efforts to consummate this Stipulation.

(d)     All notices required to be furnished to Plaintiffs in the Actions or to their counsel under this Stipulation shall be furnished to Robert I. Harwood, Esquire, Harwood Feffer LLP, 488 Madison Avenue, New York, NY 10022.  All notices required to be furnished to

CIGNA or the Individual Defendants or their counsel under this Stipulation, shall be furnished to John G. Harkins, Jr., Esquire, Harkins Cunningham LLP, 2800 One Commerce Square, 2005 Market Street, Philadelphia, PA 19103-7042 and to Alexander R. Sussman, Esquire, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, 25th Floor, New York, NY 10004-1980.

(e)      This Stipulation and the Exhibits hereto, including this subparagraph, embody and represent the full agreement of the Parties, and supersede any and all prior agreements and understandings relating to the subject matter hereof between or among any of the parties hereto, and shall not be modified unless such modification is in writing and executed by counsel for the Parties.

(f)      Without further order of the District Court, the parties hereto may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

(g)      This Stipulation shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to the laws that might otherwise govern under principles of conflicts of laws applicable thereto.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

HARWOOD FEFFER LLP

Robert I. Harwood
(Admitted Pro Hac Vice)
Daniella Quitt
488 Madison Avenue
New York, NY 10022
(212) 935-7400

FARUQI & FARUQI, LLP
Jacob A. Goldberg
P.O. Box 30132
Elkins Park, PA 19027
(215) 782-8235

*Co-Lead Counsel for Plaintiffs*

HARKINS CUNNINGHAM LLP

John G. Harkins, Jr.
Eleanor Morris Illoway
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042
(215) 851-6700

and

FRIED FRANK HARRIS SHRIVER
    & JACOBSON LLP
Alexander R. Sussman
Ariel I. Raphael
One New York Plaza
New York, NY 10004
(212) 859-8000

*Counsel for CIGNA Corporation and the Individual Defendants*

-11-

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------ x

| | |
|---|---|
| IN RE CIGNA CORPORATION<br>SECURITIES LITIGATION | :<br>:   Master File No. 2:02CV8088<br>: |

------------------------------------------------------------ x

------------------------------------------------------------ x

| | |
|---|---|
| EVELYN HOBBS, derivatively on behalf<br>of CIGNA CORPORATION, | :<br>: |
| Plaintiff, | :   CIVIL ACTION<br>:<br>:   NO. 02-8371 |
| v. | : |
| H. EDWARD HANWAY, *et al.*, | : |
| Defendants. | : |

------------------------------------------------------------ x

------------------------------------------------------------ x

| | |
|---|---|
| JACK SCOTT, derivatively on behalf<br>of CIGNA CORPORATION | :<br>: |
| Plaintiff, | :   CIVIL ACTION<br>:<br>:   NO.  02-9135 |
| v. | : |
| H. EDWARD HANWAY, *et al.*, | : |
| Defendants. | : |

------------------------------------------------------------ x

## ORDER PRELIMINARILY APPROVING DERIVATIVE ACTION
## SETTLEMENT AND NOTICE, AND SCHEDULING A HEARING

WHEREAS, the Parties to these Actions have entered into and filed with this Court a

Stipulation and Agreement of Settlement, dated January 23, 2007 (the "Stipulation").[1]  The Parties

---

[1]  Capitalized terms used but not otherwise defined herein shall have the same meanings as are attributed to such capitalized terms in the Stipulation.

have jointly moved for preliminary approval of the proposed Derivative Settlement.

WHEREAS, the Court has considered such motion, and has determined that the Derivative Settlement merits preliminary approval and that a hearing should be held as to the fairness, reasonableness and adequacy of the Derivative Settlement on the terms set forth in the Stipulation, and as to the attorneys' fees and expenses to be awarded to counsel for Plaintiffs in these Actions.

WHEREAS, the Court has concluded that Notice should be given to CIGNA Shareholders in accordance with the procedures set forth below. The procedures described herein and in the attachments hereto will provide the Shareholders with the best notice practicable under the circumstances and will satisfy the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and of due process; and the Parties to the Stipulation have consented to entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.       Pursuant to the provisions and conditions of Paragraph 4(a) of the Stipulation, these Actions are to be treated as properly maintained derivatively on behalf of CIGNA under Rule 23.1 of the Federal Rules of Civil Procedure and Plaintiffs Evelyn Hobbs and Jack Scott are appropriate derivative plaintiffs.

2.       A hearing pursuant to Rule 23.1 shall be held before this Court on _____, 2007 at _____ (the "Hearing") in Courtroom 6B of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, for purposes of considering:

      (a)      whether the Derivative Settlement, on the terms and conditions set forth in the Stipulation, should be approved by the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure;

      (b)      whether the Court should enter an "Order and Final Judgment of Dismissal," in the form annexed to the Stipulation as Exhibit C, dismissing the Settled Derivative Claims as provided in the Stipulation;

-2-

(c)     Plaintiffs' application for an award of attorneys' fees and reimbursement of expenses incurred in connection with the above-captioned actions, if the Derivative Settlement is approved; and

(d)     such other matters as may be necessary and proper.

3.     The Court reserves the right to adjourn the Hearing, including consideration of the application for attorneys' fees and expenses, without further written or oral notice other than by announcement at the Hearing or any adjournment thereof.

4.     The Court reserves the right to approve the Derivative Settlement at or after the Hearing with such modifications as may be consented to by the Parties to the Stipulation, without further notice to Shareholders.

5.     Notice of the Derivative Settlement, the application for attorneys' fees and disbursements and the Hearing shall be provided to CIGNA Shareholders in the following manner:

(a)     Not later than thirty (30) business days from the date of this Order, Plaintiffs shall cause a copy of the Notice of Proposed Settlement of Derivative Litigation (the "Notice"), in substantially the form annexed to the Stipulation as Exhibit B, which form is hereby approved, to be sent by first class United States mail, postage prepaid, or by electronic delivery to current CIGNA Shareholders of record, pursuant to the records of CIGNA's transfer agent.

(b)     All brokers, dealers, banks, voting trustees and other nominees for CIGNA Shareholders shall be requested in the Notice to forward promptly a copy of the Notice to the beneficial Shareholders of CIGNA.

(c)     Plaintiffs and/or its Notice Administrator, Berdon Claims Administration LLC, will make available additional copies of the Notice to any record holder requesting copies of the Notice for purposes of distribution to

beneficial owners of shares of CIGNA.  Upon receipt of a timely request for reimbursement, any nominee shall be promptly reimbursed for all costs reasonably incurred for forwarding the Notice to beneficial owners.

(d)     At or prior to the Hearing, Plaintiffs' counsel shall file with the Court an affidavit indicating compliance with the Notice provisions of this Order.

6.     The form and method of Notice specified herein is hereby found to be the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Derivative Settlement and the Hearing to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

7.     (a)     Any memoranda or other documents in support of the Derivative Settlement shall be filed and served on counsel for all other Parties to the Stipulation not later than seven (7) days prior to the Hearing.

(b)     Application for the award of attorneys' fees and expenses, as contemplated by Paragraph 5 of the Stipulation, and any memoranda and supporting documents, shall be filed and served on counsel for all Parties to the Stipulation not later than seven (7) days prior to the Hearing.

(c)     Any of the Parties to the Stipulation or their counsel may file responses to written objections, if any, to the Derivative Settlement or application for attorneys' fees and expenses at any time at or prior to the Hearing.

8.     (a)     Any Shareholder of CIGNA may appear at the Hearing, in person or through counsel of his or her choice, to show cause why (i) the Derivative Settlement as set forth in the Stipulation should not be approved; (ii) judgment dismissing the Actions on the terms contained in the Stipulation should not be entered; or (iii) Plaintiffs in the Actions should not be awarded the attorneys' fees and expenses requested.  No person

-4-

shall be heard, or be entitled to object to or otherwise contest the foregoing, unless such person, no later than fourteen (14) days prior to the hearing, has (i) filed with the Clerk of the Court, and (ii) served by hand delivery or first class mail, postage prepaid, on co-lead counsel for the Plaintiffs:

> Robert I. Harwood, Esq.
> Harwood Feffer LLP
> 488 Madison Avenue
> New York, NY 10022

and on counsel for CIGNA and the Individual Defendants:

> John G. Harkins, Jr., Esq.
> Harkins Cunningham LLP
> 2800 One Commerce Square
> 2005 Market Street
> Philadelphia, PA 19103-7042
>
> Alexander R. Sussman, Esq.
> Fried, Frank, Harris, Shriver & Jacobson LLP
> One New York Plaza, 25th Floor
> New York, NY 10004-1980

a written statement of all of such person's objection(s) and all the grounds or reasons therefor, including any briefs or affidavits in support of such objection(s) and a statement indicating whether such person intends to appear at the Hearing, together with the following information:

1. The name, address and telephone number of the objector and his, her or its counsel, if any; and

2. The number of shares of CIGNA common stock owned by such objector and the date(s) of purchase(s). The objector shall also provide proof thereof in the form of a broker's confirmation slip, statement of account or a notarized statement from the broker, or other satisfactory proof of current ownership of his, her or its CIGNA stock, or a

-5-

satisfactory explanation in affidavit form as to why such proof is unavailable.

(b)     Any Shareholder who does not file and serve a timely objection in the manner provided herein shall be deemed to have waived any objection such Shareholder might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Derivative Settlement of these Actions, the Stipulation or any provision thereof, the judgment dismissing these Actions, or the application and award of attorneys' fees and expenses and/or any other proceedings herein, and shall have no right to appeal therefrom.

9.     Institution or prosecution of any and all proceedings in this or any other Court relating to or arising out of any of the Settled Derivative Claims, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation or the responsibilities related or incidental thereto, and excepting any claims any of the Parties may have in any other current proceedings, are hereby preliminarily enjoined, stayed and suspended until further Order of this Court, except claims arising out of the purchase of any security issued by CIGNA, which claims are the subject of the Second Revised Consolidated Amended Class Action Complaint which is the operative pleading in the Class Action.

10.     If the Stipulation is not approved or does not become effective or final for any reason, including as a result of modification or reversal of the Final Judgment on appeal, the Stipulation and all proceedings held in connection therewith shall be null and void and vacated, the Derivative Action Fees and Expenses, including interest thereon, shall be returned and these Actions shall proceed completely without prejudice to the *status quo ante* rights of the Parties as to any matter of law or fact, and all Parties shall be returned to their positions immediately prior to

entering into the Stipulation *nunc pro tunc* and all documents executed pursuant to the Stipulation shall be revoked and canceled.

11.    The attachments hereto are incorporated by reference herein and shall be deemed fully set forth in this Order.

Dated: _____, 2007

                              SO ORDERED BY THE COURT:


                              _____
                              MICHAEL M. BAYLSON, U.S.D.J.

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------- x
                                             :
IN RE CIGNA CORPORATION                      :
SECURITIES LITIGATION                        :     Master File No. 2:02CV8088
                                             :
------------------------------------------------------- x
------------------------------------------------------- x
EVELYN HOBBS, derivatively on behalf         :
of CIGNA CORPORATION,                        :
                                             :     CIVIL ACTION
        Plaintiff,                           :
                                             :     NO. 02-8371
             v.                              :
                                             :
H. EDWARD HANWAY, et al.,                     :
                                             :
        Defendants.                          :
------------------------------------------------------- x
------------------------------------------------------- x
JACK SCOTT, derivatively on behalf           :
of CIGNA CORPORATION                         :
                                             :     CIVIL ACTION
        Plaintiff,                           :
                                             :     NO. 02-9135
             v.                              :
                                             :
H. EDWARD HANWAY, et al.,                      :
                                             :
        Defendants.                          :
------------------------------------------------------- x
```

## NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE LITIGATION

## PLEASE READ THIS NOTICE CAREFULLY

## SUMMARY

This Notice informs you of a proposed settlement (the "Derivative Settlement") of

shareholder derivative claims against certain officers and directors of CIGNA Corporation

("CIGNA"). The Derivative Settlement provides for CIGNA's insurer(s) to pay Six Million Dollar

($6,000,000), on behalf of the Individual Defendants, into the settlement fund account established for the settlement of a related Class Action thereby facilitating CIGNA's settlement of the claims asserted against CIGNA in that Class Action.  No response to this Notice or other action by you is required unless you wish to be heard by the Court, in which case you must follow the procedures outlined below

This Notice is also to inform you that a hearing (the "Hearing") will be held before the Honorable Michael M. Baylson of the United States District Court for the Eastern District of Pennsylvania (the "Court") on _____, 2007 at _____ in Courtroom 6B at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 (or at such adjourned times, places and dates as the Court may direct without further notice), to determine whether the Derivative Settlement, as set forth in a Stipulation and Agreement of Settlement dated January 23, 2007 (the "Stipulation") filed with the Court, should be approved as fair, reasonable and adequate to CIGNA, to consider plaintiffs' application for an award of attorneys' fees and expenses, and to determine whether the litigation should be dismissed with prejudice.

On _____, 2007, the Court preliminarily approved the terms of the Derivative Settlement.

## BACKGROUND

Evelyn Hobbs and Jack Scott ("Plaintiffs"), owners of common stock of CIGNA, commenced this case derivatively against H. Edward Hanway, Robert H. Campbell, Fred Hassan, Peter N. Larson, Joseph M. Magliochetti, Joseph Newbauer, Charles R. Shoemate, Louis W. Sullivan, Harold A. Wagner, Carol Cox Wait, and Marilyn Ware (together, the "Individual Defendants") and nominal defendant CIGNA Corporation, a Delaware Corporation ("CIGNA") in this Court on behalf of CIGNA in *Hobbs v. Hanway, et al.*, Civil Action No. 02-8371 and *Scott v. Hanway, et al.*, Civil Action No. 02-9135, on November 7, 2002 and December 19, 2002, respectively (the "Actions"). The Actions were consolidated for all purposes and Wechsler Harwood LLP, now known as Harwood Feffer LLP, and Faruqi & Faruqi, LLP were designated co-lead counsel on May 28, 2003.

The Actions, filed as related actions to securities class actions brought in this Court, were consolidated with *In re CIGNA Corp. Securities Litigation*, Master File No. 2:02CV8088 (the "Class Action"), by Order dated December 13, 2005. Plaintiffs, the Individual Defendants and CIGNA are referred to collectively as the "Parties."

The derivative complaints (the "Complaints") allege, among other things, that the Individual Defendants intentionally or recklessly breached their fiduciary duties to CIGNA, grossly mismanaged the company, and wasted valuable assets by *inter alia*:

(1)    failing adequately to supervise the implementation of an updated computer operations system;

(2)    failing to insure that CIGNA health insurance policies were adequately priced;

(3)    subjecting the Company to expensive and damaging litigation as a result;

(4)    allowing the Company to engage in improper billing practices; and

(5)    tarnishing the image and reputation of the Company and jeopardizing customer and physician relationships.

The Individual Defendants deny that they breached any duty to CIGNA and assert that they acted in good faith and with reasonable business judgment. The Individual Defendants also assert that Plaintiffs' claims are subject to dismissal because Plaintiffs failed to make a pre-suit demand on CIGNA's Board of Directors.

Plaintiffs and CIGNA and their counsel, having considered the facts and circumstances underlying the claims asserted, the complexity of the issues, the discovery conducted to date, the risks and costs of further litigation and the relative strengths and weaknesses of the claims asserted, have concluded that the Derivative Settlement is in the best interest of CIGNA and its shareholders. The agreement to settle is not and may not be construed as, or deemed to be, an admission, concession or

evidence of any liability, fault, wrongdoing or misconduct of any nature, or weakness or lack of merit of any claim or defense by the Parties.

<u>THE PROPOSED DERIVATIVE SETTLEMENT</u>

The Derivative Settlement provides for CIGNA's insurer(s) to deposit, on behalf of the Individual Defendants, Six Million Dollars into the settlement fund account established for the settlement of the Class Action entitled *In re CIGNA Corp. Securities Litigation*, Civil Action No. 02-CV-8088, thereby facilitating CIGNA's settlement of the Class Action against it.

The Derivative Settlement provides that the payment shall be in complete settlement and discharge of any and all "Settled Derivative Claims" against all the Individual Defendants.  For purposes of the Derivative Settlement, Settled Derivative Claims are defined as all derivative claims that have been or could have been asserted in the Complaints by Plaintiffs in these actions or by any other holder of CIGNA stock against any of the Individual Defendants, and each and every former and present employee, director, officer, agent, accountant, insurer and counsel of the Individual Defendants and CIGNA, their heirs, representatives, executors, administrators, subsidiaries, successors and assigns, in connection with, or in any way respecting any act, failure to act, omission, representation, fact, event, course of conduct, transaction, occurrence, claim, or other matter alleged or which could have been alleged in the Complaints, including, but not limited to, claims for breach of fiduciary duty, breach of CIGNA's polices or procedures, waste, mismanagement, violations of law, money damages or other relief, but excluding any claims arising out of the purchase of any security issued by CIGNA which claims are the subject of the Second Revised Consolidated Amended Class Action Complaint which is the operative pleading in the Class Action.

If the Derivative Settlement is approved, Plaintiffs may make an application for an award of attorneys' fees and reimbursement of expenses in an amount not to exceed $720,000 ("Derivative Action Fees and Expenses"), which amount has been agreed upon as reasonable by CIGNA and its insurer(s), and is to be paid by CIGNA's insurer(s) on behalf of the Individual Defendants.

### DERIVATIVE SETTLEMENT FAIRNESS HEARING

This Derivative Settlement is specifically contingent on the entry of a final order and judgment of the Court approving the Derivative Settlement and dismissing the Complaints with prejudice ("Final Judgment"), and dismissal of the Class Action with prejudice. As a current shareholder, you may appear at the Hearing, in person or through counsel of your own choice, and show cause why the Derivative Settlement should not be approved; why judgment dismissing and releasing the claims with prejudice pursuant to the Derivative Settlement should not be entered; or why Plaintiffs in these actions should not be awarded attorneys' fees and expenses as requested. Any current Shareholder who wishes to be heard at the Hearing must file with the Court a written request to be heard by the Court, along with a statement of all such person's objections and all of the grounds and reasons therefore, any and all affidavits, memoranda of law or other papers or evidence which such person wishes the Court to consider, and a statement of whether such person intends to appear at the Hearing, together with the following:

(1)     the name, address and phone number of the objector and of his, her or its counsel, if any; and

(2)     proof of current ownership and the date(s) of purchase(s) of CIGNA stock in the form of a broker's confirmation slip, statement of account or a notarized statement from the broker or other satisfactory proof of purchase or a satisfactory explanation in affidavit form as to why such proof is unavailable.

Such a request must be filed with the Court no later than _____, 2007 at the following address:

Clerk of the Court
United States District Court
for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Copies shall be served by hand delivery or first class mail on each of the following:

-5-

Robert I. Harwood, Esq.
Harwood Feffer LLP
488 Madison Avenue
New York, NY 10022

Co-Lead Counsel for Plaintiffs

John G. Harkins, Jr., Esq.
Harkins Cunningham LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Alexander R. Sussman, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza, 25th Floor
New York, NY 10004-1980

Counsel for CIGNA and the Individual Defendants

Any Shareholder who does not object to the Derivative Settlement in the manner provided for herein shall be deemed to have waived any and all objections and shall forever be barred, in these proceedings or in any other proceeding, including any appeal, from making any objection to, or otherwise challenging, the Derivative Settlement or any provision thereof, the Final Judgment dismissing these actions or the application and award of attorneys' fees and expenses, or any other proceedings herein.

## SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions and other nominees ("Nominees"), who hold CIGNA common stock in the name of the Nominees on behalf of beneficial owners of such securities, are requested to provide to the notice administrator, Berdon Claims Administration LLC, at the address listed below ("Notice Administrator"), the name and last known address of each such person or entity for whom the Nominee holds such securities, preferably on computer-generated mailing labels or electronically in MS Word or WordPerfect files, or in MS Excel data table setting forth the (a) title/registration, (b) street address, and (c) city/state/zip.   If any Nominee elects to

-6-

provide the Notice Administrator with a list of such beneficial owners' names and addresses, the Notice Administrator shall cause the Notice to be promptly delivered by mail or electronic delivery to said beneficial owners. Alternatively, Nominees may request additional copies of this Notice from the Notice Administrator, in which case the Nominees are requested to promptly mail or electronically deliver the Notice directly to the beneficial owners. Additional copies of the Notice may be requested by contacting:

> Berdon Claims Administration LLC
> P.O. Box 9014
> Jericho, NY 11753
> Telephone: (800) 766-3330
> Website: www.berdonllp.com/claims

## FURTHER INFORMATION

The foregoing description of this action, the proceedings to be held, the terms of the Derivative Settlement, including the terms of the dismissal of these actions and proceedings and other matters described herein, does not purport to be all-inclusive. Accordingly, you are referred to the pleadings and other documents, including the Derivative Settlement, filed with the Court, all of which may be examined in person during regular business hours at the offices of the Clerk of the Court.

ALL INQUIRIES regarding this Notice, or this action, or the Derivative Settlement, should be addressed in writing to the following attorney for the Plaintiffs, at the following address:

> Robert I. Harwood, Esq.
> Harwood Feffer LLP
> 488 Madison Avenue
> New York, NY 10022
>
> Co-Lead Counsel for Plaintiffs

PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.

Dated: _____, 2007

> Clerk of the Court
> United States District Court
> For the Eastern District of Pennsylvania

-7-

EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- x

IN RE CIGNA CORPORATION                    :
SECURITIES LITIGATION                       :        Master File No. 2:02CV8088
                                            :
---------------------------------------------------------- x
---------------------------------------------------------- x
EVELYN HOBBS, derivatively on behalf         :
of CIGNA CORPORATION,                        :
                                            :        CIVIL ACTION
       Plaintiff,                            :
                                            :        NO. 02-8371
                                            :
       v.                                    :
                                            :
H. EDWARD HANWAY, *et al.*,                  :
                                            :
       Defendants.                           :
---------------------------------------------------------- x
---------------------------------------------------------- x
JACK SCOTT, derivatively on behalf           :
of CIGNA CORPORATION                         :
                                            :        CIVIL ACTION
       Plaintiff,                            :
                                            :        NO. 02-9135
       v.                                    :
                                            :
H. EDWARD HANWAY, *et al.*,                  :
                                            :
       Defendants.                           :
---------------------------------------------------------- x

## ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

A hearing (the "Hearing") having been held before this Court on _____, 2007 pursuant

to this Court's Order of _____, 2007 (the "Preliminary Order"), on the settlement (the

"Derivative Settlement") set forth in the Stipulation and Agreement of Settlement dated

January 23, 2007 (the "Stipulation"), which Derivative Settlement is incorporated herein by

reference; application having been made for an award of attorneys' fees and expense reimbursement

to counsel as provided for in the Stipulation ("Fee Application"); it appearing that due notice (the "Notice") of said Hearing was given in accordance with the Preliminary Order; the respective parties having appeared by their respective attorneys, and such attorneys having been heard; and all interested persons having been given an opportunity to be heard on the Derivative Settlement, the release of the Settled Derivative Claims, and the Fee Application; the matters having been considered by the Court, and the Court having made its findings of fact and conclusions of law as set forth below:

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      Capitalized terms used herein and not otherwise defined shall have the same meaning as set forth in the Stipulation.

2.      The form and manner of Notice given to Shareholders of CIGNA Corporation ("CIGNA") are hereby determined to have been the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

3.      Pursuant and subject to the provisions and conditions of Paragraph 4(a) of the Stipulation, these Actions are properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of CIGNA, and Plaintiffs Evelyn Hobbs and Jack Scott are appropriate derivative plaintiffs.

4.      The Derivative Settlement is approved as fair, reasonable and adequate and in the best interests of CIGNA and its Shareholders and shall be consummated in accordance with the terms and conditions of the Stipulation.

5.      All Settled Derivative Claims (as defined below) that have been or could have been asserted in the Complaints derivatively by Plaintiffs in these Actions or by any other holder

of CIGNA stock are hereby compromised, settled, released, discharged and dismissed with prejudice. "Settled Derivative Claims" means all derivative claims that have been or could have been asserted in the Complaints by Plaintiffs in these Actions or by any other holder of CIGNA stock against any of the Individual Defendants, and each and every former and present employee, director, officer, agent, accountant, insurer and counsel of the Individual Defendants and CIGNA, and their heirs, representatives, executors, administrators, subsidiaries, successors and assigns, in connection with, or in any way respecting any act, failure to act, omission, representation, fact, event, course of conduct, transaction, occurrence, claim, or other matter alleged or which could have been alleged in the Complaints, including, but not limited to, claims for breach of fiduciary duty, breach of CIGNA's polices or procedures, waste, mismanagement, violations of law, money damages or other relief, but excluding any claims arising out of the purchase of any security issued by CIGNA which claims are the subject of the Second Revised Consolidated Amended Class Action Complaint which is the operative pleading in *In re CIGNA Corp. Securities Litigation*, Civil Action No. 02-CV-8088.

6.      (a)      The Fee Application is granted and Plaintiffs are hereby awarded attorneys' fees and expenses in the total amount of $_____.

(b)      If this Order and Final Judgment of Dismissal does not become effective, the attorneys' fees and expenses shall be returned as provided in the Stipulation.

Dated: _____, 2007

SO ORDERED BY THE COURT:

_____
MICHAEL M. BAYLSON, U.S.D.J.