IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------- x
                                                        :

**IN RE CIGNA CORP.**                           :

**SECURITIES LITIGATION**          :    Master File No. 2:02CV8088

                                                        :
------------------------------------------------------------------- x

## **FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**

Plaintiffs and Defendants (as those terms are defined in the Stipulation and Agreement of Settlement dated January 24, 2007 (the "Stipulation"), as amended by the April 23, 2007 Stipulation and Order to Amend Stipulation and Agreement of Settlement), having executed and filed the Stipulation; the Court having entered its Preliminary Approval Order thereon on January 24, 2007, directing that notice of the proposed settlement of the Action be mailed to the Class and scheduling a hearing to be held to determine whether the proposed settlement should be approved as fair, reasonable and adequate, to approve the allocation of the Settlement Fund and to award attorneys' fees and reimbursement of out-of-pocket expenses to Plaintiffs' Co-Lead Counsel and reimbursement of costs and expenses for representation of the Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(4); said notice having been given; a hearing having been held on April 27, 2007, at which all interested persons were given an opportunity to be heard; and the Court having read and considered all submissions in connection with the proposed settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The definitions set forth in the Stipulation, as amended by the April 23, 2007 Stipulation and Order to Amend Stipulation and Agreement of Settlement, are incorporated herein.

The above-captioned Action was commenced in October 2002, and the Second Revised Consolidated Amended Class Action Complaint was filed on March 30, 2006.

The Complaint presents claims for violations of section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule l0b-5 of the rules and regulations of the Securities and Exchange Commission, and section 20(a) of the Exchange Act.  By order entered August 18, 2006, the Court certified a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all persons who purchased the common stock of CIGNA during the period from November 2, 2001 through October 24, 2002 (inclusive) and were damaged, excluding Defendants, members of the immediate families of the individual defendants, any parent, subsidiary, affiliate, officer or director of CIGNA, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.  This definition defines the Class for purposes of the Action, the Settlement and this Final Judgment of Dismissal with Prejudice (the "Judgment").

The Stipulation between and among the Plaintiffs and Defendants provides for the settlement of the Action on behalf of the Plaintiffs and all Members of the Class with the Defendants, subject to approval by this Court of its terms and to the entry of this Judgment.  The Court scheduled a hearing to consider the approval of the Stipulation, and directed that notice of the proposed settlement and hearing be mailed to Class Members.

In accordance with the Stipulation, and the Preliminary Approval Order, Plaintiffs mailed to the Class a notice (the "Notice") dated February 7, 2007, caused to be published in the

national edition of *The Wall Street Journal* a summary notice (the "Summary Notice") of the pendency of the Action, of the proposed settlement of the Action and of the opportunity to object to the Settlement, and caused a copy of the Notice to be published electronically on a suitable Internet site.  Affidavits and/or declarations of mailing of the Notice and publication of the Summary Notice were filed with the Court on April 18, 2007.

       The Notice and Summary Notice provided to Class Members constitute the best notice practicable under the circumstances and include individual notice to all Members of the Class who could be identified by reasonable effort.  The affidavits or declarations of mailing and publication filed with this Court on April 18, 2007 demonstrate that the terms of this Court's Preliminary Approval Order relating to the Notice and Summary Notice have been complied with, and further that the best notice practicable under the circumstances was in fact given and constituted valid, due, and sufficient notice to Members of the Class, complying fully with due process, Rule 23 of the Federal Rules of Civil Procedure, and section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA.

       Plaintiffs and the Defendants have applied to the Court for approval of the terms of the Stipulation and for the entry of this Judgment.  Pursuant to the Notice and Summary Notice, and upon notice to all parties, a hearing was held before this Court on April 27, 2007, to consider whether the Settlement set forth in the Stipulation should be approved by this Court as fair, reasonable, and adequate, to approve the allocation of the Settlement Fund, and to award attorneys' fees and reimbursement of out-of-pocket expenses to Plaintiffs' Co-Lead Counsel and reimbursement of costs and expenses for representation of the Class pursuant to the PSLRA.

Approval of the Stipulation will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

The Stipulation is the product of good faith arm's-length negotiations by the parties thereto.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The one person who filed a timely and valid request for exclusion is not bound by this Judgment. That person is identified in Exhibit "A."

2. All other persons (other than Defendants, members of the immediate families of the individual defendants, any parent, subsidiary, affiliate, officer or director of defendant CIGNA, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person) who purchased the common stock of CIGNA during the period November 2, 2001 through and including October 24, 2002 (inclusive) are bound by this Judgment and by the Settlement, including the releases provided for in this Judgment.

3. No objections to the Settlement were filed.

4. The Stipulation and the Settlement are not admissions by the Defendants, or the Plaintiffs or the Class, nor is this Judgment a finding with respect to the validity of any claims or defenses in the Action or of any wrongdoing, or lack thereof. Furthermore, neither the Stipulation nor the Settlement is a concession by any Defendant, or by any Plaintiff or Class Member, and neither shall be used as an admission of any fault or omission, or lack thereof, by any Person. Neither this Judgment, the Stipulation nor any document referred to herein nor any

action taken to carry out this Stipulation is, may be construed as, or may be used as an admission by or against the Defendants, the Plaintiffs, or the Class of any fault, wrongdoing or liability whatsoever, or of any lack thereof.  Entering into or carrying out the Stipulation, and the exhibits thereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses of any of the Defendants, or the claims of any of the Plaintiffs or the Class, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release; except that the Stipulation and the exhibits thereto may be filed in this Action or related litigation as evidence of the Settlement or in any subsequent action against or by any Party, including any Released Party and any Member of the Class and any counsel thereto, to support a defense of res judicata, collateral estoppel, release, or other theory of issue preclusion or similar defense.

5. The Stipulation and Settlement are fair, reasonable and adequate as to the Class, and the Stipulation and Settlement are hereby finally approved in all respects, and the Parties to the Stipulation are hereby directed to consummate and perform its terms.

6. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms.

7. The Action is dismissed with prejudice as to Defendants and without costs to any Party as against any other, and all Members of the Class (except the person identified in Exhibit "A" hereto) are forever barred from commencing or prosecuting, either directly,

representatively, or in any other capacity, a class action or any other action against the Released Parties (as defined in the Stipulation) with respect to, based on, arising from, or for any claims (including Unknown Claims), actions, demands, allegations, rights, liabilities, and causes of action of every nature and description whatsoever, whether based on foreign, federal, state, or local statute or ordinance, regulation, contract, common law, or any other source, known or unknown, whether or not concealed or hidden, that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Class Member against the Released Parties which arise from or are based on the claims or subject matter of the Action; provided, however, as set forth in the amended definition of Settled Claims in the April 23, 2007 Stipulation to Amend the Stipulation and Agreement of Settlement, this bar shall not include claims, if any, that could be brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, by the CIGNA 401(k) Plan and the Intracorp 401(k) Performance Sharing Plan (collectively, the "Plans"), or on behalf of the Plans by any Plan fiduciary or anyone who was not a member of the settlement class in *In re CIGNA Corp. ERISA Litigation*, E.D. Pa. Master File: 03-CV-714.

    8.  On the Effective Date, the Released Parties shall be deemed to release and discharge Plaintiffs, Class Members and Plaintiffs' Co-Lead Counsel unconditionally and forever from all claims, rights, liabilities and causes of action in connection with the institution, prosecution or resolution of this Action or the Settled Claims.

    9.  On the Effective Date, the Members of the Class who or which did not timely and validly request exclusion shall be deemed unconditionally and forever to release and discharge Plaintiffs and Plaintiffs' Co-Lead Counsel from all claims, liabilities and causes of

action, including all claims known or unknown, in connection with Plaintiffs' institution, prosecution or resolution of this Action or Settled Claims.

10. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings in this case.

11. On the Effective Date, each Member of the Class who or which did not timely and validly request exclusion shall be deemed conclusively to have released the Settled Claims (as defined in the April 23, 2007 Stipulation and Order to Amend Stipulation and Agreement of Settlement) against the Released Parties, notwithstanding that the Plaintiffs and/or Members of the Class may hereafter discover facts in addition to or different from those which the Plaintiffs or Members of the Class now know or believe to be true with respect to the Action and the Settled Claims or the subject matter of the Release. Each Plaintiff and Member of the Class who or which did not timely and validly request exclusion shall be deemed, upon the Effective Date, to fully, finally and forever settle and release any and all Settled Claims against the Released Parties, including all claims known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed, and without regard to the subsequent discovery or existence of different or additional facts.

12. The person identified on Exhibit A may pursue her own individual remedies, if any.

13. The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation and enforcement of this Settlement and the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) hearing and determining Plaintiffs' Co-Lead Counsel's applications for attorneys' fees, costs, expenses,

and interest in the Action and for reimbursement of costs and expenses for representation of the Class pursuant to the PSLRA; (c) approving the allocation of the Settlement Fund; (d) enforcing and administering the Stipulation including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

14. This Court has jurisdiction over the subject matter of this Action, and all acts within this Action, and over all parties to this Action, including all Members of the Class.

15. In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

16. The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

17. The Court finds that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

18. A separate order or orders shall be entered to approve Plaintiffs' Co-Lead Counsel's attorneys' fees and out-of-pocket expenses and any awards of costs and expenses to Plaintiffs for representation of the Class, as allowed by the Court, as well as the allocation of the Settlement Fund. Such order or orders shall not disturb or affect any of the terms of this Judgment.

Dated: <u>April 30, 2007</u>

BY THE COURT:

**/s/ Michael M. Baylson**

MICHAEL M. BAYLSON, U.S.D.J.

## **EXHIBIT A**

Patsy Emanuel
7748 Private Road 2576
Quinlan, TX  75474