UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------x
IN RE CIGNA CORP. SECURITIES        :   Master File No. 2:02-CV-8088
LITIGATION
---------------------------------------------------x

[PROPOSED] ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUND AND ALLOWING PAYMENT OF SETTLEMENT ADMINISTRATION COSTS

AND NOW, this ___ day of August_____, 2008, upon consideration of: (i) Lead Plaintiff's Motion for an Order Approving Distribution of Settlement Fund and Allowing Payment of Settlement Administration Costs (the "Distribution Motion"); (ii) the Affidavit of Edward J. Sincavage and exhibits thereto ("Sincavage Affidavit"); and (iii) the Stipulation of Settlement dated January 24, 2007, as amended by Order dated April 25, 2007 ("Stipulation"), and approved in all respects by the Court in its Order and Final Judgment of Dismissal With Prejudice dated April 30, 2007 ("Final Judgment"), it is hereby ORDERED as follows:

1. The procedures used and actions taken by Heffler, Radetich & Saitta L.L.P. ("Heffler") and Plaintiffs' Co-Lead Counsel for the administration of the Settlement are hereby adjudged to have been proper and complete, and the Court hereby approves the administrative determinations of Heffler in accepting and rejecting claims filed in this matter.

2. The Court hereby approves the valid, documented claims set forth in the Payable Claims Listing, attached as Exhibit C to the Sincavage Affidavit. These claims include fully and partially valid claims, as well as late-filed but otherwise valid claims, of Class Members (the "Authorized Claimants").

malta438926-00a.wpd

3. The Court hereby approves Heffler's recommended rejection of claims identified in the Non-Payable Claims Listing, attached as Exhibit D to the Sincavage Affidavit.

4. The Court hereby approves payment in the amount of $286,604.82 to Heffler for the remaining unpaid and future fees and costs of claims administration, as set forth in Exhibit F to the Sincavage Affidavit. This payment is to be made from the Settlement Fund.

5. Plaintiffs' Co-Lead Counsel and Heffler are directed to distribute the balance of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation approved by the Court in its April 30, 2007 Final Judgment. As stated in the Plan of Allocation, each Authorized Claimant shall receive a proportionate share of the Net Settlement Fund, calculated by Heffler, based upon each Authorized Claimant's Recognized Loss, compared to the Total Recognized Losses of all Authorized Claimants.

6. The Court directs that distribution checks to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Net Settlement Fund more than 200 days after the date of the check.

7. If, after the initial distribution, any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, and, after Heffler has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall be redistributed on a *pro rata* basis, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Authorized Claimants who have cashed their original distribution checks and who would receive at least $10 from such redistribution. If, after six months following such redistribution, any funds remain in the Net Settlement Fund, then such balance shall be contributed

to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel, subject to Court approval.

8. Heffler, Lead Plaintiff and Plaintiffs' Co-Lead Counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "Released Persons"), and all Class Members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the Released Persons beyond the amount allocated to them by Heffler pursuant to this Order.

9. The Court also finds that one year after the final distribution of the Net Settlement Fund to Authorized Claimants, it will be appropriate for Heffler to destroy all claim forms and related correspondence. Heffler shall, however, retain all other administrative records, including copies of the Payable Claims and Non-Payable Claims Listings, and the computer database used to create the listings, for a period of three years after the final distribution of the Net Settlement Fund to Authorized Claimants.

10. The Court retains jurisdiction over any further matter which may arise in connection with this action.

Dated: ___8/8___, 2008

SO ORDERED:

_____
MICHAEL M. BAYLSON, U.S.D.J.

Handler
Savett
Ebby
Sussman
Podell
Broderick
Hayes
Illoway
Berger
Goldberg    Lifshitz
Fleischman   Bigin
Harwood

malta438926-00a.wpd

3